IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>TYRONE TERRELL HARRIS,<br>Defendant. | Case No. 25-cr-97-CJW<br><br>REPORT AND RECOMMENDATION<br>RE: DETENTION PENDING TRIAL |

## I. *Background*

On January 6, 2026, Defendant appeared for an initial appearance before the Honorable Jeffrey T. Gilbert, United States Magistrate Judge of the Northern District of Illinois. Gov. Ex. 1. Defendant was released on conditions. (Doc. 19 at 4.) The Government requested a stay of Defendant's release. The Honorable C.J. Williams, Chief Judge of the Northern District of Iowa, granted the stay and ordered, "Upon [Defendant's] initial appearance in Iowa, the Court will schedule a detention hearing at which time both parties may present evidence about whether defendant poses a risk of flight or nonappearance, or otherwise should be released pending trial in this matter." (Doc. 6 at 4.)

The transcript of the hearing before Judge Gilbert shows he determined that "on the facts here what I find is that the government has not met its burden under 3142(f)(2)(A) 4 to show that Mr. Harris presents a serious risk of flight." (Ex. 1 at 35.) While Chief Judge Williams apparently did not have the benefit of this transcript at the time he ordered Defendant's release stayed, I believe his order can fairly be read as overruling the determination that the Government had not established its right to a hearing. I also conclude that the Government's request to detain Defendant should be considered a motion for revocation of an order releasing Defendant under 18 U.S.C. § 3145.

Because Defendant was released by a Magistrate Judge in the district where he made his first appearance, I must first address the proper procedure under 18 United States Code Section 3145(a)(1).

1

I conclude that it is not my roll to directly review the release order of a fellow Magistrate Judge from another district under the statute. The Tenth Circuit Court of Appeals addressed this issue as follows:

> The text of § 3145(a) supports the conclusion that a motion to revoke a magistrate judge's release order should be ruled on directly by a district judge. We agree with the reasoning of a district court from another circuit that explained:
>
>> It is clear from the wording of Section 3145(a) that "a court having original jurisdiction over the offense" must be interpreted as the district judge assigned to the case ... [T]hat section suggests a hierarchy for reviewing a magistrate's decision. In other words, Section 3145(a) authorizes a district judge to review a decision made by a magistrate judge, but it does not confer the same authority upon a magistrate judge in the charging district when the challenged order was issued by a magistrate judge in the arresting district.
>
> *United States v. Johnson*, 858 F.Supp. 119, 122 (N.D.Ind.1994). The hierarchy suggested by § 3145(a) is consistent with the ultimate decision-making power and continuing jurisdiction over the actions of magistrate judges that district court judges possess. *See United States v. First Nat'l Bank of Rush Springs*, 576 F.2d 852, 853 (10th Cir.1978) (per curiam); *United States v. Maull*, 773 F.2d 1479, 1486 (8th Cir.1985) (en banc) (stating, in the context of decision-making under § 3145(a) and (b), that "'the magistrate acts subsidiary to and only in aid of the district court,' and that 'the entire process takes place under the district court's total control and jurisdiction.'") (quoting *United States v. Raddatz*, 447 U.S. 667, 681, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980))

*United States v. Cisneros*, 328 F.3d 610, 615–16 (10th Cir. 2003). This is not to say, however, that a Magistrate Judge cannot hold a hearing and proceed by Report and Recommendation when this situation arises. Several courts have concluded that Magistrate Judges should proceed by Report and Recommendation under these circumstances. For example, in the Southern District of Georgia, *United States v. Wilson* recently explained,

> "Although the statute is not explicit, and there is surprisingly little case law on this subject (in light of the number of detention hearings held nationwide every year), it is generally assumed that the review under § 3145(a)(1) will be conducted by a district judge." *United States v. Ross*, 2007 WL 1295995, at *1 (W.D. Mich. Apr. 6, 2007). *Ross* further noted that "there appears to be absolutely no reason why the district judge ... cannot initially refer the review to a magistrate judge ... on a report and recommendation basis. The statute does not prohibit it, and addressing the issue of detention is hardly foreign territory to a magistrate judge since it is one of a magistrate judge's core responsibilities.

2

Moreover, a report and recommendation provides the district judge with the same opportunity to conduct a de novo review that would occur if the district judge handled the review personally in the first instance." *Id.* at *2. Thus, as in *Ross*, the Court concludes that, in this case, "the appropriate way to proceed [is] to render a report and recommendation to the district judge, which will allow a de novo review of the detention issue ...." *Id.*

No. CR424-102, 2025 WL 586835, at *1 (S.D. Ga. Feb. 13, 2025), report and recommendation adopted, No. 4:24-CR-102, 2025 WL 588997 (S.D. Ga. Feb. 24, 2025).

As in *Ross* and *Wilson,* I conclude it is appropriate for me to render this report and recommendation. 18 U.S.C. § 3142(b).

## II. Analysis and Statement of the Reasons for Detention

After considering any applicable presumption, the nature and circumstances of the defendant's alleged conduct, the defendant's history and characteristics, the other factors set forth in 18 U.S.C. § 3142(g), the information presented at the detention hearing, and the available conditions of release under 18 U.S.C. § 3142(c), I recommend that the defendant must be detained pending trial because the Government has proven

- ☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

- ☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

The reasons for detention include the following checked items (*After this list, add any additional items or explanations as needed to comply with the requirement for a written statement of reasons under 18 U.S.C. § 3142(i).*):

- ☐ The offense charged is a crime of violence, a violation of § 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device.
- ☑ Weight of evidence against the defendant is strong.
- ☑ Subject to lengthy period of incarceration if convicted.
- ☐ Lack of significant family or other ties to the community.
- ☐ Significant family or other ties outside the United States.
- ☐ Lack of legal status in the United States.
- ☐ Subject to removal or deportation after serving any period of incarceration.
- ☐ Lack of stable residence.
- ☑ Lack of stable employment.
- ☐ Lack of financially responsible sureties.

3

- [x] Prior attempt(s) to evade law enforcement.
- [x] Use of alias(es) or false documents.
- [ ] History of alcohol or substance abuse.
- [x] Prior criminal history.
- [ ] History of violence or use of weapons.
- [ ] Prior violations of probation, parole, or supervised release.
- [x] Prior failure to appear in court as ordered.
- [ ] On probation, parole, and/or release pending trial, sentence appeal, or completion of the sentence at the time of the alleged offense.
- [ ] Participation in criminal activity while on probation, parole, or supervision.
- [ ] The defendant's release poses serious danger to any person or the community.

OTHER REASONS OR FURTHER EXPLANATION:

As stated on the record.

### III.   Directions Regarding Detention

I order Defendant be detained by the U.S. Marshall Service until the Court's ruling on this Report and Recommendation.

### IV.   Conclusion

I recommend the defendant be remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Objections to this Report and Recommendation in accordance with 28 U.S.C. Section 636(b)(1) and Fed. R. Crim. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right

to appeal from the findings of fact contained therein. *United States v. Wise,* 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**DONE AND ENTERED** at Cedar Rapids, Iowa, this 23rd day of January, 2026.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa